IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| Arthur F. Flowers, Jr. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| Superior Air-Ground Ambulance | ) |
| Service, Inc., d/b/a Superior Ambulance | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, Arthur F. Flowers, Jr. ("Mr. Flowers"), by and through his attorneys, Russell J. Heitz of Heitz & Bromberek, Ltd., complains of the Defendant, Superior Air-Ground Ambulance Service, Inc., d/b/a Superior Ambulance ("Superior") as follows:

**NATURE OF THE CASE**

1. Mr. Flowers seeks redress for workplace discrimination on the basis of perception of disability and/or record of disability in violation of the Americans with Disabilities Act of 1990 ("ADA") (Count I); for workplace discrimination based on his age in violation of the Age Discrimination in Employment Act ("ADEA") (Count II); and, a pendant claim based on Illinois common law Retaliatory Discharge (Count III).

## PARTIES

2. Mr. Flowers is 52 yeara old (D.O.B. 8/9/62) residing within Aurora, Will County, Illinois.

3. Upon information and belief, Superior is an Illinois Corporation and doing business in Chicago, Cook County, Illinois.

4. Superior is engaged in an industry affecting commerce and employs more than 20 employees and is an employer within the meaning of the ADA and ADEA.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is provided by 28 U.S.C § 1331. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because Mr. Flowers resides in this district, Superior, does business in this district, and all events giving rise to Mr. Flowers 's claims occurred within this district.

## ADMINISTRATIVE PROCEEDINGS

7. Mr. Flowers timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 20, 2014 alleging that he was discriminated against on the basis of his disability and his age.

8. Mr. Flowers filed his complaint within 90 days of Mr. Flowers's receipt of his Notice of Right to Sue with respect to the above charges. (A copy of the dismissal and Notice of Rights and Charge of Discrimination received on June 2, 2014 is attached here to and made a part hereof as Group Exhibit "A').

## COMMON FACTUAL ALLEGATIONS

9. Mr. Flowers was hired by Superior approximately September 9, 2008.

10. Mr. Flowers was fired by Superior on April 27, 2013.

11. Over Mr. Flowers's career at Superior, he was employed as an Emergency Medical Technician ("EMT") and he received nothing but good performance reviews during the course of his employment.

12. In fact, in Mr. Flowers' last review in approximately February, 2012, Mr. Flowers received one of the highest marks for an EMT.

13. Mr. Flowers most recently worked on the bariatric (extremely overweight patient) crew.

14. Mr. Flowers had a wealth of experience in the EMT field and became a mentor to the young EMTs within Superior.

15. In approximately October, 2012, Superior evaluated Mr. Flowers as being promotable into future critical care teams.

16. In approximately November, 2012, Mr. Flowers experienced a work related hernia around the time that he assisted moving three or four bariatric patients in one day (the heaviest patient was approximately 650 pounds).

17. As a result of his hernia, Mr. Flowers was off of work from approximately Thanksgiving of November, 2012 through approximately January 2, 2013.

18. During Mr. Flowers' time off, his doctors diagnosed his hernia as being job related and Mr. Flowers completed Superior paperwork advising them that he had been injured on the job and that he would be pursuing a worker's compensation claim.

19. Superior has a history of viewing or impaired employees as damaged goods and often found ways to sever the employment of injured or impaired employees.

20. On April 27, 2013, Mr. Flowers was informed that he was being fired for pretextual reasons.

21. On May 1, 2013, Superior's administrator for worker's compensation claims denied Mr. Flowers' worker's compensation claim.

## **COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

1. Paragraphs 1 through 21, Mr. Flowers restates and realleges Paragraphs 1 through 21 above as Paragraphs 1 through 21 of this Count I.

22. Superior is an "employer" within the definition of §101(5) of the Americans with Disabilities Act of 1990, as amended [42 U.S.C.§12111(5)].

23. Mr. Flowers is an "employee" of Superior within the definition of §101(4) of the Americans with Disabilities Act of 1990, as amended [42 U.S.C.§12111(4)] and a "qualified individual with a disability" within the definition of §101(8) of the Americans with Disabilities Act of 1990, as amended [42 U.S.C.§12111(8)].

24. The ADA Amendments Act of 2008 (ADAAA) applies to Mr. Mr. Flowers's ADA claims, because Mr. Mr. Flowers' disability and defendant's actions and omissions giving rise to those claims took place in 2012 and beyond. Pub. L. 110-325, §8, 122 Stat. 3553 (Sep. 25, 2008), codified at *e.g.,* 42U.S.C.§12101 (Note).

25. Mr. Mr. Flowers has fulfilled all conditions precedent to bringing this ADA claim.

26. Mr. Flowers was not disabled at the time he was fired, but Superior discriminated and/or retaliated against Mr. Flowers on the basis of perceived disability and/or Mr. Flowers' record of disability.

27. As a proximate result of this disability discrimination and/or retaliation, Mr. Mr. Flowers lost wages, lost employee benefits, and suffered mental, emotional and financial distress.

**WHEREFORE**, Plaintiff Mr. Arthur F. Flowers, Jr. prays for judgment in his favor and against Defendant, Superior Air-Ground Ambulance Service, Inc., d/b/a Superior Ambulance Corporation as follows:

    a.    Back pay, employment benefits, and other compensation lost as a result of Superior's discriminating and/or retaliating against him in violation of the Americans with Disabilities Act, as amended;

    b.    Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost as a result of Superior's discriminating and/or retaliating against him in violation of the Americans with Disabilities Act, as amended;

    c.    Compensatory damages for the harm he suffered as a result of Superior's discriminating against him in violation of the Americans with Disabilities Act, as amended;

    d.    Reasonable attorneys' fees, expert witness fees, expenses, and costs of this action; and of prior administrative actions; and,

e. Such other relief as this Court deems just.

## COUNT II – VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

1-21. Mr. Flowers restates and realleges Paragraphs 1 through 21 above as Paragraphs 1 through 21 of this Count II.

22. At all times relevant hereto, Mr. Flowers was an employee of Superior and Superior was Mr. Flowers' employer for purposes of the ADEA.

23. After Mr. Flowers was fired, his head count was replaced by the hiring of a significantly younger individual by Superior.

24. The above conduct has resulted in significant damage to Mr. Flowers, all in violation of the ADEA (29 U.S.C. §621, et seq.)

.

WHEREFORE, Plaintiff Mr. Arthur F. Flowers, Jr. prays for judgment in his favor and against Defendant, Superior Air-Ground Ambulance Service, Inc., d/b/a Superior Ambulance Corporation as follows

a. Back pay, including all damages for lost or diminished employment benefits suffered because of the discriminatory practices of the Defendant, through the date Judgment is entered;

b. Awarding Plaintiff liquidated damages (or alternatively pre-judgment interest on back pay damages);

c. Front pay (or alternatively reinstatement);

d. Awarding Plaintiff his reasonable attorneys' fees and costs incurred in this action; and,

e. Ordering injunctive relief and other relief this Honorable Court may deem to be just and appropriate.

## COUNT III – ILLINOIS RETALIATORY DISCHARGE

1-21 Mr. Flowers restates and realleges Paragraphs 1 through 21 above as Paragraphs 1 through 21 of this Count III.

22. Superior's firing of Mr. Flowers after he notified them that he was pursuing a Worker's Compensation claim violates Illinois public policy that protects Illinois workers from retaliation if they pursue their rights under the Illinois Worker's Compensation statutes.

23. Superior's actions in terminating Mr. Flowers for pursuing his Illinois Worker's Compensation claims were taken with intent to harm Mr. Flowers and with reckless disregard for the harm to him.

24. As a result of Superior's actions, Mr. Flowers has suffered, and continues to suffer, economic and non-economic damages in excess of $75,000.00 including, but not limited

to, loss pay and benefits, loss of future pecuniary gain, harm to reputation, pain, suffering and inconvenience.

WHEREFORE, Plaintiff, Mr. Arthur F. Flowers, Jr. prays that this Honorable Court enter judgment in his favor and against the Defendant, Superior Air-Ground Ambulance Service, Inc., d/b/a Superior Ambulance Corporation and award to him all damages available including, but not limited to, economic and non-economic compensatory damages, punitive damages, pre-judgment interest, court costs and such other relief as this Court deems just and equitable.

Respectfully submitted,

Arthur F. Flowers, Jr.


By: s/Russell J. Heitz
One of His Attorneys

**JURY DEMAND**

Plaintiff, Arthur F. Flowers demands trial by jury as to all of his claims.

By: s/Russell J. Heitz
One of His Attorneys

Russell J. Heitz
HEITZ & BROMBEREK, LTD.
300 East 5th Avenue, Suite 380
Naperville, IL 60563
(630) 355-1458
ARDC 06201289